■ In the Matter of the Claim of ELEANOR SAUR, Respondent, v M & M TRANSPORTATION et al., Appellants, and AGGREGATE TRUST FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision

of the Workers' Compensation Board, filed May 10, 1979. This appeal involves the construction of subdivision 4 of section 27 of the Workers' Compensation Law as to the proper date for the actuarial computation of present value of the amount payable to the Aggregate Trust Fund (Fund). The liability of the insurer for death benefits payable to the claimant and her daughter was established by a decision dated August 8, 1975, which directed the insurer to pay the sum of $4,260.75 to the claimant for the period from the date of death, July 23, 1974, to September 15, 1975 and closed the case. The award was based upon periodic weekly payments of $42.75 for the claimant and $28.50 for her daughter, and it is undisputed that such an award must be converted by the board to a lump sum payable to the Fund, pursuant to subdivision 2 of section 27 of the Workers' Compensation Law, as representing "the present value of all unpaid death benefits". Subdivision 4 of section 27 came in to play upon appeal and affirmance of the award by the board on March 29, 1976, and the pertinent provision is as follows: "if the original award is affirmed, the employer or insurance carrier shall pay to such fund the present value of the award computed as of the effective date of the original award and simple interest on such amount at three per centum per annum computed from the date of the original award to the date that payment is made into such fund, plus simple interest at six per centum per annum on past due payments of compensation to the date of the affirmance of such award, which past due payment and interest shall be made directly to the claimant." The "effective" date of the original award was August 8, 1975, the date of the notice of decision. (See e.g., *Matter of Mallette v Hubbs & Hastings Paper Co.,* 279 App Div 811, 812.) Eventually, on December 2, 1977, a notice of decision was issued which directed the insurer to pay to the Fund the sum of $54,938.82 as of September 29, 1975. On December 7, 1977 the insurer notified the board that it had paid the sum of $46,781.32 to the Fund, as well as direct payment of $12,560.75 to the claimant and her daughter, together with the sum of $750 for funeral expenses, or a total payment of $60,092.07. The Fund took the position that in fact the payment directed in the decision of December 2, 1977 was inadequate because it was not timely made as of the computation date of September 29, 1975 and, therefore, interest would be due. Subsequently, the amount due was actuarially recomputed on March 7, 1978 and the additional sum of $3,622.82 was assessed as interest from August 8, 1975 to December 7, 1977. A notice of decision dated March 29, 1978 was issued directing the insurer to pay that sum to the Fund. The insurer, on April 14, 1978, objected to the payment of that interest upon the ground that it was never directed to make any payment prior to December 2, 1977 and that it then promptly made such payment. It is noted that the insurer in filing its objection chose to ignore the fact that it had appealed the original decision and that subdivision 4 of section 27 of the Workers' Compensation Law was applicable. The board again requested recomputation and the actuary treated such request as being for computation of the present value as of *December 7, 1977*. The actuary issued a recomputation on April 5, 1979 which increased the sum due by $5,180.14 or, apparently, to $60,118.96 plus $224.17 as interest. The board, on May 10, 1979, issued the decision from which this appeal was taken, and it directs the insurer to pay the sum of $5,180.14 as of December 7, 1977 the date of its notice to insurer of the duty to pay the present value, plus interest of $224.17. Curiously, the insurer's request for review and reconsideration resulted in a higher assessment than demanded on March 29, 1978. The statutory language used in subdivision 4 of section 27 is explicit as to the dates as of which the

computation of present value is to be made and what interest may be assessed. The board's determination to fix the present value as of December 7, 1977 has no basis in fact or in the controlling statute. The decision is erroneous as a matter of law and must be reversed. Decision reversed, with one bill of costs to the employer and its insurance carrier against the Aggregate Trust Fund, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.